# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

AMANDA JACOBS,

      Plaintiff,

-vs-                                  Case No. 6:09-cv-1175-Orl-28GJK

GRIME STOPPERS CLEANING SERVICE,
LLC and GLORIA S. MURPHY,

      Defendants.
_____

# REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 20)** |
| **FILED:** | **December 8, 2009** |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |

On July 8, 2009, Plaintiff Amanda Jacobs ("Plaintiff") filed a complaint ("Complaint") against Defendants, Grime Stoppers Cleaning Service, LLC ("Defendant") and Gloria S. Murphy ("Murphy") for unpaid overtime wages and unpaid minimum wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* (the "FLSA" or the "Act"). Doc. No. 1.[1] Specifically,

---

[1] On February 11, 2010, Judge John Antoon II entered an order dismissing the case without prejudice against Defendant Murphy. Doc. No. 24.

Plaintiff alleges that Defendant willfully failed to compensate Plaintiff at a rate not less than one and one-half times Plaintiff's regular rate of pay for hours worked in excess of forty (40) hours per week. Doc. No. 1 at ¶¶ 19, 24, 27, 29. Plaintiff also alleges that Defendant willfully failed to pay her minimum wage. *Id.*, ¶38. Plaintiff alleges that Defendant is an "enterprise engaged in commerce", engaged in the "production of goods for commerce", and has an annual gross revenue in excess of $500,000.00. *Id.*, ¶¶10-12.

After being personally served with summons and a copy of the Complaint on July 28, 2009 (Doc. No. 7), the Defendant did not respond to the Complaint. On October 2, 2009 and pursuant to Rule 55(a), Federal Rules of Civil Procedure, the Clerk entered default against the Defendant. Doc. No. 12. On November 10, 2009, Defendant filed a motion to set aside clerk's default. Doc. No. 15. On November 23, 2009, the Court entered an Order denying the motion with respect to Defendant and gave the Defendant until December 7, 2009, to obtain counsel and file a renewed motion. Doc. No. 19.[2] To date, counsel has not appeared on behalf of Defendant.

On December 8, 2009, the Plaintiff filed the instant Motion for Entry of Default Final Judgment and Incorporated Memorandum of Law (the "Motion"). Doc. No. 20. Pursuant to Local Rule 1.07(b), the Motion is timely. The Defendant failed to file any opposition to the Motion.

## II. THE LAW

In *Schmidlin v. Apex Mortgage Services, LLC*, No. 8:07-cv-2149-T-30MSS, 2008 WL 976158 at *1 (M.D. Fla. April 9, 2008), the court held:

> By failing to answer the complaint, Defendant admits that it employed Plaintiff during the relevant time period. *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F. 3d 1267, 1278 (11th Cir. 2005)

---

[2] The Court granted the motion to set aside clerk's default with respect to Murphy. *Id.*

2

> (stating "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact."). Defendant also admits that it was an employer and was required to comply with the FLSA. *See Id*. Additionally, Defendant admits that it failed to pay overtime compensation as required by the FLSA and that its conduct was willful. *See Id*. Accordingly, by failing to respond to the complaint, Defendant is liable to Plaintiff for the overtime compensation owed to Plaintiff for his work

*Id*. A plaintiff may establish the necessary amount of damages by affidavit. *See* Rule 55(b), F.R.C.P. (2007). Additionally, an employer who willfully violates the provisions of the FLSA is liable for an equal amount of liquidated damages as well as reasonable attorneys' fees and costs. 29 U.S.C. § 216(b) (2007).

### III. APPLICATION

#### A. Wages

In her affidavit, Plaintiff states that he was employed by the Defendant as a commercial cleaner from February 2007 through February 2009. Doc. No. 20-2, ¶ 4. Pursuant to 29 U.S.C. § 207(a)(1), Plaintiff was entitled to be paid one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours during a work week. *Id*.[3] Plaintiff states that from July 2007 through January 2009, she worked five (5) hours of overtime per week, and Defendant only paid her for forty (40) hours. Doc. No. 20-2; ¶¶ 5-7. More specifically, from July 2007 through September 2007, Defendant paid her $8.50 per hour for 40 hours totaling $340.00 per

---

[3] Section 207(a)(1) states:
> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce for a workweek longer than forty hours unless such employee receives compensations for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1).

week, for 13 weeks. *Id.* at ¶ 6. From October 2007 through January 2009, Defendant paid her $9.00 per hour for 40 hours, totaling $360.00 per week for 69 weeks. *Id.* at ¶ 7.

In her affidavit, Plaintiff calculates her damages as follows:

> Defendant owes me time and a half for all hours over 40. Since, my regular rate of pay from approximately July 2007 through September 2007 was $8.50 per hour, they owe me $12.75 per hour for all overtime hours worked during that time (13 weeks at 5 overtime hours per week = 65 overtime hours. 65 overtime hours at $12.75 per hour + $828.75).
>
> Defendant owes me time and a half for all hours worked over 40. Since, my regular rate of pay October 2007 through January 2009 was $9.00 per hour, they owe me $13.50 per hour for all overtime hours worked during that time (69 weeks at 5 overtime hours per week = 345 overtime hours. 345 overtime hours at $13.50 per hour = $4,657.50).
>
> I worked for Defendant for a total of 108 weeks, 82 of which overtime hours were accrued (13 weeks at $13.50 per hour and 69 weeks at $12.75 per hour) and regularly worked approximately 45 hours per week during those weeks, or 410 total overtime hours (65 overtime hours at $12.75 per hour and 345 overtime hours at $13.50 per hour).
>
> Therefore, I calculate that Defendant owes me $5,486.25 unliquidated [damages] . . .

*Id.* at ¶¶8-11. Plaintiff also seeks liquidated damages in the equal amount of $5,486.25. *Id.* at ¶ 12. Pursuant to 29 U.S.C. § 216(b), the Defendant is also liable for liquidated damages which equals the same amount as the unpaid overtime compensation. *Schmidlin*, 2008 WL 976158 at *2. Therefore, Plaintiff's total damage calculation for unpaid overtime owed is $10,972.50. *Id*. at ¶ 13.

**B.     Costs**

Rule 54(d), Federal Rules of Civil Procedure, provides that costs other than attorneys' fees "should be allowed to the prevailing party" unless a federal statutes, the federal rules, or a court order provides otherwise. *Id.* In awarding costs, the Court is bound by the limitations set forth in 28 U.S.C. §§ 1821 and 1920 unless a statute or contract specifically authorizes taxation for such costs. Plaintiff seeks costs in the amount of $622.00 for the filing fee ($350.00), costs of service of process ($270.00), and long distance telephone calls ($2.00). Doc. No. 7-3 at ¶ 9. The filing fee, costs of service of process, and long distance telephone calls are allowable under the statutes to the extent reasonable. *See Cullens v. Georgia Dept. of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994). Thus, the undersigned recommends that the Court find the total costs sought ($622.00) are reasonable.[4]

Accordingly, it is RECOMMENDED that:

1. Plaintiff's Motion (Doc. No. 20) be GRANTED;

2. The Court enter judgment for Plaintiff and against the Defendant in the following amounts:

    a.  $5,486.25 in unpaid overtime compensation;

    b.  $5,486.25 in liquidated damages for unpaid overtime compensation;

    c.  $622.00 in costs; and

3. The Court direct the Clerk to close the case.

---

[4] Plaintiff's counsel does not seek an award for attorney's fees in the Motion. *See* Doc. No. 20, n. 2.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

RECOMMENDED at Orlando, Florida on March 9, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE